UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LOREN MICHAEL WILLIAMS                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 1:14CV257-HSO-RHW

JIM HOOD et al                                                              DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Loren Michael Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a detainer against him in Pearl River County, Mississippi. Doc. [1]. He asserts that the detainer affects his current incarceration status in the Louisiana Department of Corrections system. On January 22, 2015, Respondent filed a motion to dismiss the § 2241 petition because it was moot in light of the fact that the detainer is no longer in place. Doc. [13]. In support of its motion, Respondent attached copies of the detainer and the order of *nolle prosequi* filed in the Circuit Court of Pearl River County, Mississippi on January 14, 2015. Doc. [13-1] & [13-2]. On February 18, 2015, Williams filed an unsigned "Petition to Dismiss the Habeas Corpus". Doc. [14]. Williams states that he "accept[s] the Attorney General's petition to dismiss as moot as long as the charges are dismiss against me". *Id.* at 2. Based on the foregoing, the undersigned finds that Williams § 2241 petition is now moot and that Respondent's motion to dismiss should be granted.

### RECOMMENDATION

The undersigned recommends that Respondent's [13] Motion to Dismiss be GRANTED and that Williams' 28 U.S.C. § 2241 petition for writ of habeas corpus be dismissed as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 6th day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE